# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WILLIAM JOHNSON, et al., individually and on behalf of all others similarly situated, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CORNERSTONE NATIONAL INSURANCE CO., )<br>et al., )<br>)<br>Defendants. ) | Case No. 22-04135-CV-C-BP |

## ORDER DEFERRING CONSIDERATION OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pending is Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, which is consented to by Defendant Cornerstone National Insurance Co. ("Cornerstone"), the sole remaining Defendant. The Court defers consideration of the Motion and directs Plaintiffs to supplement their Motion or file an Amended Motion within 21 days to address the following issues:

1.  The proposed settlement creates a fund of $525,000.00 and identifies payments from the fund (before *pro rata* payments to class members) consisting of amounts for attorney fees, class counsel's costs, and service awards. However, the Motion and supporting documents do not set forth any amount that must be paid to the settlement administrator; there are references to the fact that such costs must be paid, (*e.g.*, Doc. 150-2, p. 10, ¶ 39),[1] but the amount is not set forth. Similarly, the Long Form Notice refers to the existence of such a cost, (Doc. 150-2, p. 35), but the amount is not set forth. The settlement administrator's fee must be disclosed, both in filings in with the Court and in notices to the Class.

---

[1] All page numbers for documents filed with the Court are those generated by the Court's CM/ECF system.

2.      Relatedly, the Long Form Notice does not set forth the amount that will be paid to cover Class Counsel's costs.  The Class must be advised how the settlement fund will be distributed.

3.      The Motion discusses the Settlement Agreement's provision for "injunctive relief," (Doc. 150, p. 15), which is something the Court can consider in evaluating the settlement's reasonableness.  Further explanation of the "relief" is required.

Under the Settlement Agreement, Defendant must give Plaintiffs' counsel (a) information about its financial condition and (b) a sworn statement that it has implemented improvements to prevent future data breaches.  (Doc. 150-2, pp 8-9, ¶ 38.)  The Settlement Agreement does not require Defendant to make any particular changes, and approving the settlement will not permit the Court to Order that any changes be made.  Moreover, many of the possible improvements mentioned in the Settlement Agreement were likely instituted before the lawsuit was filed, and others may have been contemplated notwithstanding this suit.  Thus, it is not clear what "injunctive relief" resulting from this lawsuit can be considered by the Court.[2]

The parties must explain why any non-monetary relief can be properly attributed to the lawsuit and thus can be considered when evaluating whether the settlement should be approved.  As part of that explanation, the parties must identify any changes Defendant made because of the lawsuit (that is, changes it would not have made if the suit had not been filed).  Finally, the parties must explain why any such "relief" can be properly considered, given that the Settlement Agreement does not require (and the Court will be unable to require) that any specific changes be made.

4.      Neither the Motion nor the Settlement Agreement require the settlement administrator to take any action with respect to Short Form Notices that are returned as undeliverable.  Typically,

---

[2] The Court also is not certain how giving Class Counsel financial information about Defendant benefits the Class.

2

Case 2:22-cv-04135-BP    Document 154    Filed 02/11/25    Page 2 of 5

efforts are made to obtain valid addresses for any notices that are returned, so the absence of such a provision is particularly noticeable.

5.      Similarly, there is no provision addressing funds that are unclaimed, either because (1) the attempt to transmit them electronically is unsuccessful or (2) the check is uncashed.[3] The parties have informally advised the Court they intend any such funds to be distributed via a *cy pres*, but the Settlement Agreement does not specify this.  Moreover,

> unless the amount of funds to be distributed *cy pres* is de minimis, the district court should make a *cy pres* proposal publicly available and allow class members to object or suggest alternative recipients before the court selects a *cy pres* recipient. This gives class members a voice in choosing a 'next best' third party and minimizes any appearance of judicial overreaching.

*In re BankAmerica Corp. Sec. Litig.*, 775 F.3d 1060, 1066 (8th Cir. 2015).  Thus, (1) the parties need to agree on a *cy pres* recipient and (2) the notices for the Class must identify the *cy pres* recipient.[4]

6.      The Class Members are told the range of recovery is expected to be between $25 and $78 per person.  (*E.g.*, Doc. 150-2, pp. 27, 30, 32, 35.)  However, this is possible only if the overwhelming majority of Class Members do not submit Claim Forms.  The parties concede this point; they have informally advised the Court they expect a response rate of only 1-3%, but their submissions do not reveal this, and the basis for such an estimation is not provided.  The parties must explain:

---

[3] The Short Form Notice gives Class Members the option of receiving payments by PayPal, Venmo, Zelle, or check. (Doc. 150-2, p. 28.)

[4] Setting aside the need for the parties to agree on a disposition for unclaimed funds, the Court could theoretically wait until the Final Approval Hearing and, if the amount of unclaimed funds is *de minimus*, decide then.  The Court prefers not to risk that the amount of unclaimed funds is too high to permit it to act without notifying the Class; it also prefers not to create a risk that the Final Approval Hearing will have to be delayed so that a supplemental notice regarding disposition of the unclaimed funds can be sent to the Class.

3

- Why they believe the response rate will not exceed 3%,

- Whether other notice methods (including one that does not involve claim forms) can achieve a higher response rate (and if so, why one of those methods should not be utilized),[5] and

- Why a notice method that will be only 3% successful should be approved.[6]

Moreover, if more than 3% of the Class responds, the Class Members will not receive the minimum amount promised to them in the Notices. Therefore, the Notices must be amended so the Class Members are told that their expected recovery is contingent upon no more than 3% of them responding.

7. The parties must reveal the results of any attempt to quantify the Class Members' actual damages, so the Court can compare any such figure with the expected recovery under the settlement.

---

[5] In this regard, the Court notes the data breach at issue in this case involves a third-party gaining access to databases containing the Class Members' drivers' license and other personal information. It seems the same databases could be utilized to obtain current addresses for the Class Members so that checks could be sent to them without the need for a claim form. While this might remove the option of electronic payments (*see* footnote 3, above), it also might increase the percentage of Class Members who receive payment. The parties should address this alternative, along with any others they have considered but rejected in favor of their current proposal.

[6] The undersigned has approved a class action settlement where the claims rate was 3%, but that case was different in that (1) it involved individuals for whom no party had any contact information and (2) the notice plan reached more than 80% of the prospective class members. *Jones v. Monsanto Co.*, 2021 WL 2426126, at *2 (W.D. Mo. May 13, 2021), *aff'd*, 38 F.4th 693 (8th Cir. 2022). This case is different, in that (1) contact information, albeit potentially outdated, is available, and (2) the parties have provided no information about the effectiveness of either the Notice Plan or alternatives to it.

4

8. The parties must certify they have complied with the notification requirements set forth in 28 U.S.C. § 1715.

**IT IS SO ORDERED**.

DATE: February 11, 2025

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT