IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| WILLIAM JOHNSON, et al., individually and on behalf of all others similarly situated, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 22-04135-CV-C-BP |
| CORNERSTONE NATIONAL INSURANCE CO., et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## ORDER GRANTING CONSENT MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Pending is Plaintiffs' Motion for Preliminary Approval of Settlement, to which Defendant Cornerstone National Insurance Co. ("Cornerstone"), the only remaining Defendant, consents. The parties entered a Settlement Agreement dated December 14, 2024 (the "Agreement"), which, together with the Exhibits to the Agreement, sets forth the terms and conditions for a proposed Settlement of this Action and for a dismissal of the Action with prejudice. (Doc. 150-2.)[1] The Court **GRANTS** the Motion for Preliminary Approval, (Doc. 150), and further **FINDS** and **ORDERS** as follows:

1. The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(d), and 1367, and personal jurisdiction over the Parties for purposes of considering the Settlement. Additionally, venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2).

2. The Court conditionally certifies the following Settlement Class for settlement purposes only:

> All persons residing in the United States to whom Cornerstone sent notice on or near August 4, 2022, that their PI was compromised in the Unauthorized Data Disclosure.

---

[1] All defined terms in this Order have the same meanings ascribed to them in the Agreement.

Excluded from the Settlement Class are any officers or directors of Cornerstone; any officers or directors of any affiliate, parent, or subsidiary of Cornerstone; any agents of Cornerstone; and any judge to whom this case is assigned, his or her spouse, members of the judge's staff, and anyone who timely requests exclusion from the Settlement Class.

3. For settlement purposes only, the Court preliminary finds the prerequisites for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure have been met with respect to the Settlement Class, in that: (a) the Settlement Class is so numerous that joinder of all individual Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Class Members predominate over any potential individual questions; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class; (d) Class Representatives and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

4. The Court hereby appoints Plaintiffs William Johnson, Joshua Kirk, and Toni Reynolds as Class Representatives for the Settlement Class.

5. The Court hereby appoints the following counsel as Class Counsel: Kate M. Baxter-Kauf of Lockridge Grindal Nauen P.L.L.P.; Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP; M. Anderson Berry of Clayeo C. Arnold, A Professional Corp.; Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP; and Maureen M. Brady of McShane & Brady, LLC.

6. The terms of the Settlement, including its proposed release, are preliminarily approved as within the range of fair, reasonable, and adequate terms; are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Plan; and are subject to further and final consideration at the Final Approval Hearing provided for below. In

making this determination, the Court considered the fact that the Settlement is the product of arm's-length negotiations facilitated by a neutral mediator and conducted by experienced and knowledgeable counsel, the current posture of the Action, the benefits of the Settlement to the Settlement Class, and the risks and benefits of continuing litigation to the Parties and the Settlement Class.

7. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes provided for herein, will be vacated and the Action shall proceed as though the Settlement Class had never been conditionally certified for settlement purposes, with no admission of liability or merit as to any issue, and no prejudice or impact as to any party's position on the issue of class certification or any other issue in the case.

8. The Court appoints Simplurius as the Settlement Administrator. The responsibilities of the Settlement Administrator are set forth in the Settlement Agreement, as further clarified in subsequent filings by the parties. (*See* Doc. 155.)

9. The Court has considered the Notice provisions of the Settlement, the Notice Plan set forth in the Settlement Agreement and the Postcard Notice and Long Form Notice, attached as **Exhibits B** and **C** to the Settlement Agreement, respectively, and as further amended at the Court's direction. (*See* Doc. 155-2.) The Court finds that the Notice Plan, as further explained by the Settlement Administrator, (Doc. 155-1, ¶¶ 21-24), is the best notice under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Postcard Notice and Long Form Notice, attached as **Exhibits B** and **C**, respectively, to the Settlement Agreement, and as further amended at the Court's direction. (*See* Doc. 155-2.) The

Court orders the Settlement Administrator to commence the Notice Plan following entry of this Order in accordance with the terms of the Settlement Agreement as further explained by the Settlement Administrator. (Doc. 155-1, ¶¶ 21-24.)

10. The Court approves as to form and content the Claim Form attached as **Exhibit A** to the Settlement Agreement.

11. Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement Agreement and the Claim Form under which they are entitled to seek relief. The Claims Deadline is 90 days after the Notice Date. All Class Members who fail to submit a claim in accordance with the requirements and procedures of the Settlement Agreement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein.

12. Each person wishing to opt out of the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office box established by the Settlement Administrator. The written notice must clearly manifest the Class Member's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than 90 days after the Notice Date.

13. Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

14. Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement, including its releases, and all orders entered by the Court in connection therewith.

15. Each Class Member and any other potential objector ("Objector") desiring to object to the Settlement must file with this Court a timely written notice of his, her, or its objection. Such

notice must contain the following information: (1) the name and case number of this action (*Johnson v. Cornerstone National Insurance Co.*, Case No. 22-cv-04135 (W.D. Mo.)); (2) the Objector's address and telephone number and, if represented by counsel, the name, address and telephone number of such counsel; (3) a written statement specifically describing all of the Objector's objections to the Settlement and the reasons for such objections; and (4) a statement as to whether the Objector or the Objector's counsel intends to attend the Final Approval Hearing.

16. To be timely, written notice of an objection in appropriate form must be filed with the Court no later 90 days after the Notice Date.

17. Unless otherwise ordered by the Court, any Objector who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, including its releases, the Final Approval Order and Judgment approving the Settlement, and Class Counsel's motion for an award of attorneys' fees and costs and Plaintiffs' service awards.

18. The Court will hold a Final Approval Hearing on September 25, 2025, at 1:30 p.m., at the United States District Court for the Western District of Missouri, Charles Evans Whittaker U.S. Courthouse, 400 E. 9th Street, Kansas City, MO 64106, to consider: (a) whether certification of the Settlement Class should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Class Counsel for an award of attorneys' fees, costs and expenses as provided for under the Settlement; (d) the application for Class Representatives' service awards as provided for under the Settlement; (e) whether the release of Released Claims as set forth in the Settlement should be provided; and (f) ruling upon such other matters as the Court may deem just and appropriate. The

Final Approval Hearing may be continued or adjourned by order of the Court without individualized notice to Class Members.

19. The related time periods for events preceding the Final Approval Hearing are as follows:

| Event | Timing |
|---|---|
| Cornerstone to provide Settlement Administrator with Settlement Class Member List | No later than ten (10) days after entry of this Order |
| Notice Date | Within thirty (30) days after entry of this Order |
| Claims Deadline | Ninety (90) days after the Notice Date |
| Opt-Out Deadline | Ninety (90) days after the Notice Date |
| Objection Deadline | Ninety (90) days after the Notice Date |
| Motion for Attorneys' Fees and Expenses and Service Awards[2] | Fourteen (14) days prior to the Objection Deadline |
| Motion for Final Approval | Thirty-five (35) days prior to the Final Approval Hearing |
| Final Approval Hearing | 1:30 p.m. on September 25, 2025 (120 days after entry of this Order, or shortly thereafter) |

**IT IS SO ORDERED**.

DATE: <u>March 14, 2025</u>

/s/ Beth Phillips
BETH PHILLIPS, CHIEF JUDGE
UNITED STATES DISTRICT COURT

---

[2] The Court has discretion to use either a lodestar or percentage-of-the-fund method to determine an appropriate fee. *E.g.*, *In re T-Mobile Customer Data Sec. Breach Litig.*, 111 F.4th 849, 858 (8th Cir. 2024). The Court can also use the lodestar to cross-check the reasonableness of the percentage of the fund Class Counsel might seek. *E.g.*, *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017). The Court will, as it typically does when evaluating fees in class action settlements, consider the lodestar. Therefore, any Motion for Attorneys' Fees must be accompanied by billing sheets and other documentation necessary to permit calculation of the lodestar.