# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| WILLIAM JOHNSON, JOSHUA KIRK, and TONI REYNOLDS, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> CORNERSTONE NATIONAL INSURANCE COMPANY, <br><br> Defendant. | Case No. 22-CV-04135 |

**PLAINTIFFS' SUGGESTIONS IN SUPPORT OF MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND SERVICE AWARD FOR THE SETTLEMENT CLASS REPRESENTATIVES**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................ 1

STATEMENT OF FACTS ......................................................................................................... 3

    I.    THE LITIGATION ................................................................................................. 3

    II.   THE SETTLEMENT .............................................................................................. 3

    III.  COUNSEL'S EFFORTS ........................................................................................ 5

        A.   Class Counsel Dedicated Tremendous Resources to Resolve Plaintiffs' Claims Against Defendants ........................................................................... 5

        B.   Class Counsel Faced Significant Risk of Nonpayment ............................. 6

ARGUMENT ................................................................................................................................ 7

    I.    CLASS COUNSEL SHOULD BE AWARDED ATTORNEYS' FEES IN THE AMOUNT OF 33.33% OF THE SETTLEMENT FUND ..................................... 7

        A.   The Court Should Employ the "Percentage-of-the-Fund" Method in Determining Fees for this Non-Reversionary Common Fund Settlement. .................................... 7

        B.   The Relevant Factors Support Plaintiffs' Request for Attorneys' Fees. .... 8

            1.    The Benefit to the Class ................................................................. 9

            2.    Class Counsel's Exposure to Risk ............................................... 10

            3.    Complexity of the Legal Issues .................................................... 10

            4.    Quality of the Representation ...................................................... 10

            5.    Time and Labor Involved ............................................................. 11

            6.    Reaction of the Class .................................................................... 11

            7.    Consistency of Award with Other Cases ..................................... 12

    II.   CLASS COUNSEL ARE ENTITLED TO BE REIMBURSED FOR REASONABLE LITIGATION EXPENSES ...................................................... 12

    III.  THE CLASS REPRESENTATIVES SHOULD RECEIVE SERVICE AWARDS ........... 13

CONCLUSION ........................................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                                                           **Pages(s)**

*Barfield v. Sho-Me Power Elec. Co-Op*,
  No. 2:11-cv-4321NKL, 2015 WL 3460346 (W.D. Mo. June 1, 2015) ......................7

*Boeing Co. v. Van Gemert*,
  444 U.S. 472 (1980)..........................................................................................................7

*Burnett v. Nat'l Ass'n of Realtors*,
  No. 4:19-CV-00332-SRB, 2024 WL 2842222 (W.D. Mo. May 9, 2024)..............................10

*Caligiuri v. Symantec Corp.*,
  855 F.3d 860 (8th Cir. 2017) ..............................................................................8, 9, 14

*Cleveland v. Whirlpool Corp.*,
  No. 20-CV-1906, 2022 WL 2256353 (D. Minn. June 23, 2022).........................................9, 10

*DeBoer v. Mellon Mortg. Co.*,
  64 F.3d 1171 (8th Cir. 1995) ........................................................................................12

*Gordon v. Chipotle Mexican Grill, Inc.*,
  No. 17-cv-01415-CMA-SKC, 2019 WL 6972701 (D. Colo. Dec. 16, 2019).........................10

*Griffin v. Jim Jamison*,
  188 F.3d 996 (8th Cir. 1999) ...........................................................................................9

*Huyer v. Buckley*,
  849 F.3d 395 (8th Cir. 2017) .....................................................................................8, 11

*Huyer v. Wells Fargo & Co.*,
  314 F.R.D. 621 (S.D. Iowa 2016)..................................................................................14

*Johnson et al. v. Cornerstone Nat'l Ins.*,
  Case No. 2:22-cv-04135-BP (W.D. Mo. 2022) ...............................................................3

*Johnston v. Comerica Mortg. Corp.*,
  83 F.3d 241 (8th Cir. 1996) ...........................................................................................7

*Keil v. Lopez*,
  862 F.3d 685 (8th Cir. 2017) ........................................................................................11

*Koenig v. U.S. Bank N.A. (In re U.S. Bancorp Litig.)*,
  291 F.3d 1035 (8th Cir. 2002) ................................................................................8, 13

*In re Life Time Fitness, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*,
  847 F.3d 619 (8th Cir. 2017) ...........................................................................................7

*PHT Holding II LLC v. N. Am. Co. for Life & Health Ins.*,
   No. 4:18-cv-00368-SMR-HCA, 2023 WL 8522980 (S.D. Iowa Nov. 30, 2023)......................8

*Pollard v. Remington Arms Co., LLC*,
   320 F.R.D. 198 (W.D. Mo. 2017)......................................................................................14

*Reynolds v. Cornerstone Nat'l Ins. Co.*,
   Case No. 2:22-cv-04140-BP (W.D. Mo. 2022) .........................................................................3

*Roeser v. Best Buy Co.*,
   No. CIV. 13-1968, 2015 WL 4094052 (D. Minn. July 7, 2015) ...............................................7

*Sprague v. Ticonic*,
   307 U.S. 161 (1939)..................................................................................................................13

*Tussey v. ABB, Inc.*,
   850 F.3d 951 (8th Cir. 2017) ....................................................................................................13

*Tussey v. ABB, Inc.*,
   No. 06-CV-04305-NKL, 2019 WL 3857963 (W.D. Mo. Aug. 16, 2019)....................... *passim*

*In re U.S. Bancorp Litig.*,
   291 F.3d at 1016 .......................................................................................................................14

*Vogt v. State Farm Life Ins.*,
   No. 2:16-cv-04170-NKL, 2021 WL 247958 (W.D. Mo. Jan. 25, 2021) ..................................11

*In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*,
   364 F. Supp. 2d 980 (D. Minn. 2005).......................................................................................12

*Yarrington v. Solvary Pharms., Inc.*,
   697 F. Supp. 2d 1057 (D. Minn. 2010)...............................................................................9, 14

**Statutes**

California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq.*......................................5, 6

California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.* .........................5, 6

Drivers' Privacy Protection Act, 18 U.S.C. § 2721, *et seq*............................................................5, 6

# INTRODUCTION

Plaintiffs William Johnson, Joshua Kirk, and Toni Reynolds, individually and on behalf of others similarly situated ("Plaintiffs"), through their undersigned counsel, move this Honorable Court for an award of reasonable attorneys' fees, reimbursement expenses, and service awards.

This case involves Cornerstone National Insurance Company's ("Cornerstone" or "Defendant") 2021 disclosure of the driver's license numbers of hundreds of thousands of individuals, including Plaintiffs. After three years of hard-fought litigation in this complex class action, and without guarantee of compensation, Class Counsel[1] have secured a settlement with Defendant.[2] *See* Class Settlement Agreement (ECF No. 150-2) ("Settlement" or "Settlement Agreement"), ¶ 32. Under the terms of the Settlement Agreement, Defendant will pay $525,000.00 into escrow for the benefit of the Settlement Class[3] and make valuable data security improvements. *See* Settlement Agreement ¶¶ 38-39.

---

[1] The Court appointed as Class Counsel Kate M. Baxter-Kauf of Lockridge Grindal Nauen PLLP; Rachele R. Byrd of Wolf Haldenstein Adler Freeman & Herz LLP; M. Anderson Berry of Clayeo C. Arnold, A Professional Corp.; Gayle M. Blatt of Casey Gerry Schenk Francavilla Blatt & Penfield, LLP; and Maureen M. Brady of McShane & Brady, LLC. *See* ECF No. 156 at 2.

[2] Defendant in this class action is Cornerstone National Insurance Company. Although Plaintiffs previously alleged claims against Accredited Resource Insurance Agency, LLC, Reed Williams Insurance Agency, Inc., and Guidewire Software, Inc., these entities are no longer parties to the litigation. *See* ECF Nos. 118, 119, 144, 145.

[3] The Settlement Agreement defines the term "Settlement Class" to mean "all persons residing in the United States who were sent a notice by Cornerstone on or near August 4, 2022, that their PI may have been compromised in the Unauthorized Data Disclosure. Excluded from the Settlement Class are any officer or director of Cornerstone; any officer or director of any affiliate, parent, or subsidiary of Cornerstone; any agent of Cornerstone; and any judge to whom this case is assigned, his or her spouse, members of the judge's staff." *See* ECF No. 150-2 at 8. The Settlement Class also "does not include anyone who validly and timely requests exclusion from the Settlement Class." *Id.*

This Settlement[4] reflects the skill, expertise, and hard work of Class Counsel. The benefit to Settlement Class members is substantial, real, and concrete compared to the significant litigation risks this case presented. These risks included the motion to dismiss (including supplemental briefing) that remained pending before this Court when the Settlement was reached, as well as Cornerstone's financial condition, which put into substantial question Defendant's ability to withstand a large verdict should Plaintiffs prevail.

Under Rule 23(h) and Eighth Circuit precedent, Class Counsel and the Class Representatives are entitled to be compensated for having achieved a benefit on behalf of other Settlement Class Members. Class Counsel zealously prosecuted Plaintiffs' claims, achieving the Settlement Agreement only after an extensive investigation, motion practice, and prolonged arms'-length negotiations. Class Counsel also worked for weeks to finalize the Settlement Agreement and associated exhibits pertaining to notice, preliminary approval, and final approval.

As such, Plaintiffs respectfully request that the Court award: (a) Class Counsel attorneys' fees of 33.33% of the Settlement Fund (equal to $174,982.50); (b) Class Counsel reimbursement of $11,134.96 in litigation expenses; and (c) service awards of $2,000.00 each to the Class Representatives William Johnson, Joshua Kirk, and Toni Reynolds (for a total of $6,000.00). This is Plaintiffs' first request for attorneys' fees, litigation expenses, or service awards in this litigation.

The Eighth Circuit has expressly and repeatedly approved fees based on the potential recovery to the Class, and routinely approves fees that equal 25% to 36% of the benefit provided. Plaintiffs' motion should be granted because the request is reasonable and appropriate in light of the substantial risks presented in prosecuting this action and the quality and extent of work

---

[4] Unless otherwise indicated, all capitalized terms have the same meanings as defined in the Settlement Agreement.

conducted. The requested fees and costs were clearly delineated in the notice to the Settlement Class, and no Settlement Class Member has objected to date.

## STATEMENT OF FACTS

### I. THE LITIGATION

This matter is a consolidated class action arising from Defendant's unauthorized data disclosure of hundreds of thousands of individuals' driver's license numbers. As a result, Plaintiffs allege their personal information ("PI") was compromised and exfiltrated.

On September 14, 2022, Plaintiffs Johnson and Kirk filed a complaint in the Western District of Missouri against Cornerstone. *See* Compl. (ECF No. 1), *Johnson et al. v. Cornerstone Nat'l Ins.*, Case No. 2:22-cv-04135-BP (W.D. Mo. 2022). Plaintiff Reynolds filed a complaint in the Western District of Missouri bringing similar claims against Cornerstone on September 16, 2022. *See* Compl. (ECF No. 1), *Reynolds v. Cornerstone Nat'l Ins. Co.*, Case No. 2:22-cv-04140-BP (W.D. Mo. 2022). The Court consolidated the cases on March 6, 2023, and Class Counsel subsequently filed a consolidated complaint (and later a consolidated amended complaint) against Cornerstone and other entities no longer party to this lawsuit. *See* ECF Nos. 23, 42, 114.

Class Counsel have worked to prosecute Plaintiffs' case through the consolidated action. By doing so, Plaintiffs and Class Counsel reached the proposed Settlement now pending final approval before this Court.

### II. THE SETTLEMENT

The Settlement Agreement resulted from good-faith, arm's-length negotiations. It provides for two different forms of relief: (1) a settlement payment; and (2) equitable relief in the form of information security enhancements. *See* Settlement Agreement ¶¶ 38-39.

Specifically, the Settlement makes available up to $525,000.00 to resolve all Released Claims, inclusive of Settlement Class recovery amounts, costs of notice and claims administration,

service awards for the Class Representatives, and attorneys' fees and expenses to Class Counsel. *Id.* ¶ 39. The Net Settlement Fund will be distributed on a *pro rata* basis to Settlement Class Members who file valid claims. *Id.* ¶ 41. In addition, Cornerstone has committed to providing equitable relief in the form of implementing improvements, and planning for future improvements to its cybersecurity. *Id.* ¶ 38. These efforts include, among other things, password resets, additional spam filters, firewalls, antivirus software system-wide, additional staff and agent training, and masking all PI—including driver's license numbers—on its user interfaces. *Id.*

All Settlement Class members have received notice of this Motion and their objections, if any, will be heard by the Court. in the Court-approved notice documents regarding the Settlement and claims process, Class Counsel informed Class members that Class Counsel would seek payment of attorneys' fees not to exceed 33 1/3% of the Settlement Fund, reimbursement of incurred expenses not to exceed $15,000, and service awards for Class Representatives of up to $2,000.00 each. *See* ECF No. 155-2 ("Long Form Notice") §§ 7, 15. At the same time, Class Counsel informed Class members that qualified members would receive a *pro rata* payment from the Settlement Fund after payment of certain identified costs, including administrative costs such as issuance of notice to the Class and Settlement Administrator fees and expenses. *Id.* at § 7. Class members were also informed that the Settlement administrator would put additional information about the payments on the case website, www.cornerstonedatasettlement.com. *Id.* at § 7. Class Counsel also informed Class members that, ultimately, the Court will determine the amount of attorneys' fees, litigation expenses, and service awards to be paid in this case. *Id.* at § 18. Class Counsel will post a copy of this Motion on the case website as soon as it is filed with the Court.

Finally, the last day for Settlement Class members to object to this motion is July 10, 2025. *See* ECF No. 156. As of this date, there have been no objections and only five opt outs. Decl. of

Kate M. Baxter-Kauf ("Baxter-Kauf Decl.") ¶ 23. Class Counsel will file an update with the Court regarding any objections to this Motion August 26, 2025, in connection with their motion for final approval of the Settlement.

## III. COUNSEL'S EFFORTS

Since 2022, Class Counsel have dedicated tremendous time, effort, and expense to this litigation. They have done so entirely on a contingent basis, with no guarantee of compensation or even reimbursement of expenses. Summaries of Class Counsel's time, effort, and expense are provided below.

### A. Class Counsel Dedicated Tremendous Resources to Resolve Plaintiffs' Claims Against Defendants

Since the inception of this litigation through June 27, 2025, Class Counsel invested 650.27 hours of attorney and other legal professional time. *See* Baxter-Kauf Decl. ¶ 30. Class Counsel worked diligently to ensure that, throughout the case, counsel's efforts have been coordinated, detailed, vigorous, and efficient. The result of these efforts is monetary relief of $525,000.00 and valuable data security improvements. *See* Settlement Agreement ¶¶ 38-39. Class Counsel's efforts in the litigation included:

- Class Counsel filed initial complaints on September 12 and 14, 2022, the Consolidated Complaint in this case on October 12, 2023, and the operative Amended Complaint on April 4, 2024. Baxter-Kauf Decl. ¶¶ 4-7. These complaints alleged negligence, negligence *per se*, violations of the Drivers' Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*, violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq.*, violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, and seeking monetary damages and declaratory and injunctive relief. *Id.* The complaint was the product of Class Counsel's preparation, independent investigation, and research.

- Class Counsel developed numerous case management plans and worked cooperatively with Defendants to implement those plans. *Id.* at ¶ 8.

- Class Counsel prepared and filed comprehensive memoranda of law in opposition to Defendants' motions to dismiss, as well as supplemental briefing at this Court's request. *Id.* at ¶ 9.

- Class Counsel engaged in arm's-length negotiations with Defendant and ultimately negotiated the Settlement Agreement with Cornerstone. *Id.* at ¶ 17. Class Counsel have prepared and executed the Court-approved Class Notice and Settlement Administration programs, and are in the process of administering the Court-approved Claims Process. *Id.* at ¶ 22.

In addition to the 650.27 hours of attorney and other legal professional time invested in this case from inception through June 27, 2025, Class Counsel have also incurred litigation expenses in the amount of $11,134.96 through June 27, 2025. These expenses, discussed in more detail in Section IV below, are reasonable and necessary to the prosecution of the case. They were required to carefully frame the complex issues of fact and law in the pleadings and to support Plaintiffs' opposition to Defendants' motions to dismiss. Finally, Class Counsel will continue to supervise all aspects of the Settlement and claims administration and will supervise the final distribution of the Settlement proceeds to qualified Settlement Class Members.

### B. Class Counsel Faced Significant Risk of Nonpayment

As discussed in more detail below, Class Counsel faced a significant risk of nonpayment. Plaintiffs alleged negligence, negligence *per se*, violations of the Drivers' Privacy Protection Act ("DPPA"), 18 U.S.C. § 2721, *et seq.*, violations of the California Consumer Privacy Act, Cal. Civ. Code § 1798.100, *et seq.*, violations of California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*., and sought monetary damages and declaratory and injunctive relief. Baxter-Kauf Decl. ¶¶ 4-7. Class Counsel believed in Plaintiffs' case; invested extensive time, effort, and resources; and prosecuted the case vigorously. *Id.* at ¶ 24. Class Counsel took these actions at the risk of zero recovery and turned away other opportunities because of the complex and high level of time and expense the case demanded. *Id.* at ¶ 24. Class Counsel risked tremendous time and resources and have achieved a significant recovery on behalf of the Settlement Class. *Id.* at ¶ 17.

# ARGUMENT

## I. CLASS COUNSEL SHOULD BE AWARDED ATTORNEYS' FEES IN THE AMOUNT OF 33.33% OF THE SETTLEMENT FUND

### A. The Court Should Employ the "Percentage-of-the-Fund" Method in Determining Fees for this Non-Reversionary Common Fund Settlement.

Under Federal Rule of Civil Procedure 23(h), a court may award reasonable attorneys' fees authorized by law. *See also Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980) ("A litigant or lawyer who recovers a Settlement Fund for the benefit of persons other than himself or his client is entitled to a reasonable attorneys' fee from the fund as a whole."). Historically, courts apply one of two approaches when analyzing a request for attorneys' fees: the lodestar approach and the percent-of-the-benefit approach. *Johnston v. Comerica Mortg. Corp.*, 83 F.3d 241, 244 (8th Cir. 1996). Under the first, "the hours expended by an attorney are multiplied by a reasonable hourly rate" that can be adjusted to fit the characteristics of a particular action. *Id.* Under the second, the attorneys may be awarded fees "equal to some fraction of the common fund that the attorneys were successful in gathering during the course of the litigation." *Id.* at 244-45.

This Court has the discretion "to choose which method to apply, as well as to determine the resulting amount that constitutes a reasonable award of attorney's fees in a given case." *In re Life Time Fitness, Inc., Tel. Consumer Prot. Act (TCPA) Litig.*, 847 F.3d 619, 622 (8th Cir. 2017) (citations omitted) (quoting *Johnston*, 83 F.3d at 246, 247). Where the settlement is not readily capable of simple valuation, courts may opt for the lodestar approach. *See Roeser v. Best Buy Co.*, No. CIV. 13-1968, 2015 WL 4094052, at *10 (D. Minn. July 7, 2015) (citing *Johnston*, 83 F.3d at 246). However, where, as here, the class settlement obtains a fixed common fund for the Settlement Class, courts often "prefer[]" the percent-of-the-benefit approach. *See Barfield v. Sho-Me Power Elec. Co-Op*, No. 2:11-cv-4321NKL, 2015 WL 3460346, at *3 (W.D. Mo. June 1, 2015); *Tussey v. ABB, Inc.*, No. 06-CV-04305-NKL, 2019 WL 3857963, at *5 (W.D. Mo. Aug. 16, 2019)

(explaining that, "in common fund cases, the percentage of the benefit approach is generally recommended"). The reason why is that the method "aligns the interests of counsel and the class members by providing an incentive to maximize the class's recovery." *PHT Holding II LLC v. N. Am. Co. for Life & Health Ins.*, No. 4:18-cv-00368-SMR-HCA, 2023 WL 8522980, at *6 (S.D. Iowa Nov. 30, 2023). The lodestar may then be used as a secondary "cross-check" on the reasonableness of a percentage award. *Huyer v. Buckley*, 849 F.3d 395, 399-400 (8th Cir. 2017).

The percentage-of-the-benefit method for determining a suitable award for attorneys' fees is appropriate here because the Settlement creates a concrete, non-reversionary common fund. The requested fee of $174,982.50, which represents 33.33% of the gross Settlement Amount, is well within the typical range in the Eighth Circuit.[5] *See, e.g.*, *Huyer*, 849 F.3d at 399 (noting that the Eighth Circuit frequently awards attorneys' fees between 25-36% of a settlement fund); *Caligiuri v. Symantec Corp.*, 855 F.3d 860, 865 (8th Cir. 2017) (affirming an award of one-third of $60 million settlement fund); *Koenig v. U.S. Bank N.A. (In re U.S. Bancorp Litig.)*, 291 F.3d 1035, 1038 (8th Cir. 2002) (approving award of 36% of settlement fund).

**B.    The Relevant Factors Support Plaintiffs' Request for Attorneys' Fees.**

Courts consider several non-exhaustive factors when determining whether a percentage of the common fund is reasonable. Although the Eighth Circuit has not formally embraced specific factors, it has approved consideration of the following, non-determinative list:

> (1) [T]he benefit conferred on the class, (2) the risk to which plaintiffs' counsel was exposed, (3) the difficulty and novelty of the legal and factual issues of the case, (4) the skill of the lawyers, both plaintiffs' and defendants', (5) the time and labor

---

[5] Plaintiffs' request is also consistent with the terms of the parties' Settlement Agreement. *See* Settlement Agreement (ECF No. 150-2) ¶ 69 ("Class Counsel may seek . . . a court order awarding Class Counsel attorneys' fees . . . of no more than 33.33% of the Settlement Amount ($174,982.50)).

involved, (6) the reaction of the class, and (7) the comparison between the requested attorney fee percentage and percentages awarded in similar cases.

*Caligiuri*, 855 F.3d at 866 (quoting *Khoday v. Symantec Corp.*, No. 11-cv-180, 2016 WL 1637039, at *9 (D. Minn. April 5, 2016)); *see Tussey*, 2019 WL 3859763, at *2-3 (applying these factors); *Cleveland v. Whirlpool Corp.*, No. 20-CV-1906, 2022 WL 2256353, at *9 (D. Minn. June 23, 2022) (same); *see also Griffin v. Jim Jamison*, 188 F.3d 996, 997 (8th Cir. 1999) ("[It is not] necessary for district courts to examine exhaustively explicitly, in every case, all of the factors that are relevant to the amount of a fee award."); *Yarrington v. Solvary Pharms., Inc.*, 697 F. Supp. 2d 1057, 1062 (D. Minn. 2010) ("[N]ot all of the individual factors will apply in every case, affording the Court wide discretion in the weight to assign each factor."). Each of the relevant factors support Plaintiffs' request here.

### 1. The Benefit to the Class

On December 14, 2024, Plaintiffs and Defendant entered a Settlement that provided for payment of $525,000.00 and certain data security improvements. Baxter-Kauf Decl. ¶¶ 17, 19. The Court granted preliminary approval of the Settlement on March 14, 2025, preliminarily determining that the Settlement is "within the range of fair, reasonable, and adequate." *See* ECF No. 156 at 2. Settlement Class members have until July 10, 2025, to object to the settlement. *See* ECF No. 156 at 6.

It is the opinion of Class Counsel that the monetary benefit, combined with the data security improvements, provides the Settlement Class with substantial relief in the face of the significant risks to the Settlement Class, particularly the risk that, due to Cornerstone's financial condition, it would not be able to withstand a large verdict should Plaintiffs prevail. Baxter-Kauf Decl. ¶¶ 12-19. Its financial status negates the possibility of recovery beyond what Class Counsel have negotiated here. *Id.* ¶ 12. This factor supports Plaintiffs' fee request.

2. Class Counsel's Exposure to Risk

"Courts have recognized that the risk of receiving little or no recovery is a major factor in awarding attorney fees." *Burnett v. Nat'l Ass'n of Realtors*, No. 4:19-CV-00332-SRB, 2024 WL 2842222, at *16 (W.D. Mo. May 9, 2024) (quoting *Yarrington*, 697 F. Supp. 2d at 1062). Here, Class Counsel undertook this litigation on a contingent basis, where they invested their effort, time, and resources into a case that involved complex legal issues in a rapidly evolving field of law. Baxter-Kauf Decl. ¶¶ 7, 24. This exposed Class Counsel to significant risk as they covered the costs of and advanced the litigation, without any guarantee of compensation. *Id.* at ¶¶ 4-24. This factor supports Plaintiffs' fee request.

3. Complexity of the Legal Issues

Class actions are inherently complex. *See e.g., Cleveland*, 2022 WL 2256353, at *10 (citing *Marshall v. Green Giant Co.*, 942 F. 2d 539, 549 (8th Cir. 1991) ("It goes without saying that class actions are very complex[.]")). Data breach class actions are especially complex, due at least in part to the cutting-edge nature of data protection technology and rapidly evolving law. *See Gordon v. Chipotle Mexican Grill, Inc.*, No. 17-cv-01415-CMA-SKC, 2019 WL 6972701, at *1 (D. Colo. Dec. 16, 2019) ("Data breach cases . . . are particularly risky, expensive, and complex."). The legal, factual, and procedural complexity of the case weigh in favor of Plaintiffs' fee request.

4. Quality of the Representation

The Court has previously recognized the quality of Class Counsel. *See* ECF No. 156 at 2 (appointing Class Counsel). Moreover, Defendant was represented by the sophisticated law firms of Deutsch Kerrigan, Franke Schultz & Mullen, Freeman, Armstrong Teasdale LLP-KCMO, and Mathis & Gary LLP. Baxter-Kauf Decl. ¶ 8; *see Tussey*, 2019 WL 3859763, at *2 (considering the skill of both plaintiffs' and defendants' lawyers). In pursuing this hard-fought litigation, there can

be no doubt that counsel for all parties represented their clients skillfully and zealously. The quality of the representation favors Plaintiffs' fee request.

5. Time and Labor Involved

Since the inception of this case through June 27, 2025, Class Counsel dedicated 650.27 hours to efficiently and expeditiously litigate and resolve Plaintiffs' claims. Baxter-Kauf Decl. ¶ 30, Ex. 1. Class Counsel's efforts in this litigation are listed above, *see supra* Parts I-III, and in the Declaration of Kate M. Baxter-Kauf filed contemporaneously with this motion. *See* Baxter-Kauf Decl. ¶¶ 4-24. All the work performed by Class Counsel was necessary, performed without duplication, and successfully advanced this litigation toward trial and settlement. *Id.* ¶ 27.

Although not required, courts sometimes use the lodestar as a "cross-check" against the requested fee. *See Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017); *Huyer*, 849 F.3d at 399-400. The cross-check is meant "to provide an approximation of a reasonable fee in order to 'alert the trial judge' if a percentage award is 'too great.'" *Vogt v. State Farm Life Ins.*, No. 2:16-cv-04170-NKL, 2021 WL 247958, at *3 (W.D. Mo. Jan. 25, 2021) (brackets omitted) (quoting *Hashw v. Dep't Stores Nat'l Bank*, 182 F. Supp. 3d 935, 949-51 (D. Minn. 2016)). Class Counsel's cumulative lodestar, based on current rates, from the inception of the case through June 27, 2025, is $583,767.40. Baxter-Kauf Decl. ¶ 30. The 33.33% fee request on the Settlement Fund ($174,982.50) represents a quite small percentage of the actual lodestar of $583,767.40 Class Counsel have incurred. Baxter-Kauf Decl. ¶ 33. Class Counsel will never recover all the fees that they incurred during the course of this litigation. *Id.* This factor favors Plaintiffs' fee request.

6. Reaction of the Class

The Settlement Class was informed that Plaintiffs would seek up to one third (33.33%) of the Settlement Fund in attorneys' fees. *See* Long Form Notice ¶ 15. In fact, Class Counsel are

seeking 33.33% of the Settlement Fund. To date, there have been no objections to the fee request and only five opt outs. Baxter-Kauf Decl. ¶ 23. The deadline for objection is July 10, 2025, fifteen days from the date of this filing. The absence of objections by Settlement Class members further supports the reasonableness of the requested fee. *See DeBoer v. Mellon Mortg. Co.*, 64 F.3d 1171, 1178 (8th Cir. 1995) ("The fact that only a handful of class members objected to the settlement similarly weighs in [class counsel's] favor."); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 1002 (D. Minn. 2005) ("[S]ilence can be read as an endorsement of the results received and the services rendered by plaintiff's counsel.").

    7.  <u>Consistency of Award with Other Cases</u>

As mentioned above, Plaintiffs' request for 33.33% of the Settlement Fund is an award within the typical range approved of in the Eighth Circuit. *See Supra* Section I(A). This factor favors Plaintiffs' fee request.

* * *

Applying these factors to the instant case shows that Plaintiffs' request for attorneys' fees is reasonable. As such, Plaintiffs request that the Court award Class Counsel $174,982.50 in attorneys' fees to be paid from the Settlement Fund.

**II. CLASS COUNSEL ARE ENTITLED TO BE REIMBURSED FOR REASONABLE LITIGATION EXPENSES**

In addition to fees, this Court should approve reimbursement of Class Counsel's incurred litigation expenses of $11,134.96 to be paid from the Settlement Fund. Courts may award reasonable nontaxable costs authorized by law or the parties' agreement. Fed. R. Civ. P. 23(h). In common-fund cases, counsel "may recover those expenses that would normally be charged to a fee-paying client. *Tussey*, 2019 WL 3857963, at *5 (quoting *In re Guidant Corp. Implantable Defibrillators Prod. Liab. Litig.*, No MDL 05-1708, 2008 WL 682174, at *4 (D. Minn. Mar. 7,

2008)); *see Sprague v. Ticonic*, 307 U.S. 161, 166-67 (1939) (recognizing a federal court's equity power to award costs from a common fund). Such reimbursable expenses include costs like "expert fees; travel; long-distance and conference telephone; postage; delivery services; and computerized legal research." *Tussey*, 2019 WL 3857963, at *5 (quoting Alba Conte, 1 Attorney Fee Awards § 2:19 (3d ed.) and collecting cases approving similar reimbursements).

Here, Class Counsel have incurred $11,134.96 in past expenses to resolve Plaintiffs' claims. Baxter-Kauf Decl. ¶ 35. These expenses were incurred for certain categories of expenses that were reasonable and necessary to resolve Plaintiffs' claims, *e.g.*, document scanning and copying services, mediator fees and attendance costs, court fees and service costs, online legal research (e.g., Westlaw), and shipping and mailing. Baxter-Kauf Decl. ¶ 36. Due to the risk that they might never recover these costs, Class Counsel have endeavored to keep expenses to a minimum. *Id.* at ¶ 35. The requested expenses are reasonable and should be approved. *See Tussey*, 2019 WL 3859763, at *5 (approving request for costs and expenses totaling over $2 million, far greater than here). They are also less than the $15,000.00 "not to exceed" amount in the Long Notice. *See* ECF No. 155-2 ¶¶ 7, 15.

### III. THE CLASS REPRESENTATIVES SHOULD RECEIVE SERVICE AWARDS

Finally, the Court should grant the named Plaintiffs a service award of $2,000.00 each. The Eighth Circuit recognizes that "[i]ncentive awards compensate lead plaintiffs for their work and the benefit they have conveyed on the rest of the class." *Tussey v. ABB, Inc.*, 850 F.3d 951, 962 (8th Cir. 2017). In deciding whether to grant incentive awards, courts consider a variety of factors, including the "actions plaintiff took to protect [the] class's interests, [the] degree to which [the] class has benefitted from those actions, and [the] amount of time and effort plaintiff expended in pursuing litigation." *In re U.S. Bancorp Litig.*, 291 F.3d 1035, 1038 (8th Cir. 2002) (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)). Courts in this Circuit regularly grant service awards

13

Case 2:22-cv-04135-BP    Document 161    Filed 07/07/25    Page 17 of 20

to class representatives in recognition of the time and effort they invested in the case, including awards far greater than the $2,000.00 requested here. *See Caligiuri*, 855 F.3d at 867 ("[C]ourts in this circuit regularly grant service awards of $10,000 or greater."); *In re U.S. Bancorp Litig.*, 291 F.3d at 1016 (finding $2,000 award to five representative plaintiffs was appropriate); *Huyer v. Wells Fargo & Co.*, 314 F.R.D. 621, 629 (S.D. Iowa 2016) (awarding $10,000 to each named plaintiff); *Yarrington*, 697 F.Supp.2d at 1068 (awarding $5,000 to each class representative); *Pollard v. Remington Arms Co., LLC*, 320 F.R.D. 198, 220 (W.D. Mo. 2017) (awarding $2,500 to each class representative).

Here, the requested service award would recognize the time and effort Plaintiffs spent and the results they obtained on behalf of the absent Settlement Class members who will receive compensation without any effort. Throughout this litigation, the Class Representatives advised Class Counsel and approved pleadings; kept up to date on the progress of the case; were consulted in relation to mediation, preserved documents for production, and performed other similar activities. Baxter-Kauf Decl. ¶ 38. Without Plaintiffs' efforts, the benefits for the Settlement Class would never have been achieved.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request this Court (a) award attorneys' fees in the amount of $174,982.50, which is equivalent to 33.33% of the Settlement Fund; (b) approve reimbursement of Class Counsel's incurred litigation costs of $11,134.96 ; and (c) approve service awards for Class Representatives William Johnson, Joshua Kirk, and Toni Reynolds in the amount of $2,000.00 each.

DATED: June 27, 2025                    Respectfully submitted,

/s/ Kate M. Baxter-Kauf
Kate M. Baxter-Kauf (MN #0392037)
Kmbaxter-kauf@locklaw.com
Karen Hanson Riebel (MN #0219770)
khriebel@locklaw.com
Maureen Kane Berg (MN #033344X)
mkberg@locklaw.com
**LOCKRIDGE GRINDAL NAUEN PLLP**
100 Washington Avenue South, Suite 2200,
Minneapolis, MN 55401
Tel.: (612) 339-6900
Fax: (612) 339-0981

Rachele R. Byrd (*pro hac vice*)
byrd@whafh.com
**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
750 B Street, Suite 1820
San Diego, CA 9211
Tel.: (619) 239-4599
Fax: (619) 234-4599

Maureen M. Brady (MO #57800)
mbrady@mcshanebradylaw.com
**MCSHANE & BRADY, LLC**
1656 Washington, Ste. 120
Kansas City, MO 64108
Tel.: (816) 888-8010
Fax: (816) 332-6295

Gayle M. Blatt (*pro hac vice*)
gmb@cglaw.com
P. Camille Guerra (*pro hac vice*)
camille@cglaw.com
**CASEY GERRY SCHENK FRANCAVILLA
BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Tel.: (619) 238-1811
Fax: (619) 544-9232

M. Anderson Berry (*pro hac vice*)
aberry@justice4you.com
Gregory Haroutunian (*pro hac vice*)
gharoutunian@justice4you.com
**CLAYEO C. ARNOLD, A PROFESSIONAL LAW CORP.**
865 Howe Avenue,
Sacramento, CA 95825
Tel.: (916) 239-4778
Fax: (916) 924-1829

*Class Counsel*